UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                      :
UNITED STATES OF AMERICA                              :
                                                      :        ORDER FOR CONTINUED
          -v-                                         :        CUSTODY OF PROPERTY
                                                      :        PURSUANT TO 21 U.S.C. § 853
ANTHONY ORTIZ and RICARDO SOSA,                       :
                                                      :        21 Cr. 717 (JMF)
                             Defendants.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, the Government has applied for an Order authorizing the Government

and its agencies to maintain custody of certain property pending the conclusion of the instant case;

WHEREAS, the property in question includes the following assets:

a.   $62,967 in United States currency seized on or about September 23, 2021
     from an apartment located at 4204 Layton Street, Apt. 611, in Elmhurst,
     New York, 11373; and

b.   $22,020 in United States currency seized on or about September 24, 2021
     from storage unit #3685, located at Cube Smart Storage, 3324 Woodside
     Ave., Long Island City, NY 11101.

(a. and b., collectively, the "Subject Property");

WHEREAS, the Subject Property is currently in the lawful custody of the

Government;

WHEREAS, the Government has represented to the Court that it will maintain and

preserve the Subject Property throughout the instant case so that it will be available for forfeiture;

WHEREAS, the Subject Property is alleged to be forfeitable to the United States

pursuant to Title 21, United States Code, Section 853, as proceeds traceable to the offense charged

in Count One of the Indictment and/or property facilitating the commission of the offense charged

in Count One of the Indictment;

1

WHEREAS, there is probable cause to believe the Subject Property is subject to forfeiture as proceeds traceable to the offense charged in Count One of the Indictment and/or property facilitating the commission of the offense charged in Count One of the Indictment;

WHEREAS, Title 21, United States Code, Section 853(e)(1) authorizes the Court to take any action necessary to preserve the availability of property for forfeiture; and

WHEREAS, this Order satisfies the Government's obligations to preserve its right to maintain custody of the Subject Property under Title 18, United States Code, Section 983(a)(3)(B)(ii)(II);

IT IS HEREBY ORDERED, pursuant to Title 21, United States Code, Section 853(e)(1), that the United States and its agencies, including the United States Marshals Service, are authorized to maintain and preserve the Subject Property until the conclusion of the instant case, pending further Order of this Court.

Dated:       New York, New York
             February 16, 2022

SO ORDERED:

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

Although Section 853(e)(1)(A) does not require notice of the Government's application, the Government provides no basis to maintain this Order or its application under seal. Accordingly, the Court is docketing both.



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York. New York 10007*

February 14, 2022

**VIA EMAIL**
Hon. Jesse M. Furman
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

       Re:    *United States v. Anthony Ortiz,*
               21 Cr. 717 (JMF)

Dear Judge Furman:

      The Government respectfully submits the enclosed application for an order, pursuant to Title 21, United States Code, Section 853(e)(1)(A), authorizing the Government to maintain and preserve for forfeiture certain property which is currently in the Government's possession. This application is submitted *ex parte* in accordance with Section 853(e)(1)(A), which does not provide for notice to the defendant or an opportunity to be heard prior to issuance of an order under that section. *Compare* 18 U.S.C. § 853 (e)(1)(A) (post-indictment protective orders without notice) *with* 18 U.S.C. § 853 (e)(1)(B) (pre-indictment protective orders with notice).

                       Respectfully submitted,

                       DAMIAN WILLIAMS
                       United States Attorney for the
                       Southern District of New York

          By:   /s/_____
                Rebecca Talia Dell/
                Thomas Somerset Burnett
                Assistant United States Attorneys
                (212) 637-2198/ 1064

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                               :
UNITED STATES OF AMERICA                       :
                                               :
            -v-                                :
                                               :        21 Cr. 717 (JMF)
ANTHONY ORTIZ and RICARDO SOSA,                :
                                               :
                          Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### GOVERNMENT'S APPLICATION FOR AN ORDER FOR CONTINUED CUSTODY OF PROPERTY PURSUANT TO 21 U.S.C. § 853(e)

The United States of America, through its counsel, hereby moves for an order authorizing the Government to maintain custody of the property described below pending the conclusion of the instant case:

      a.    $62,967 in United States currency seized on or about September 23, 2021 from an apartment located at 4204 Layton Street, Apt. 611, in Elmhurst, New York, 11373; and

      b.    $22,020 in United States currency seized on or about September 24, 2021 from storage unit #3685, located at Cube Smart Storage, 3324 Woodside Ave., Long Island City, NY 11101.

(a. and b., collectively, the "Subject Property").

### Background and Probable Cause

On or about November 22, 2021, the Government obtained an Indictment, 21 Cr. 717 (JMF), against the above-captioned defendants (the "Indictment"), which alleges that the defendants were involved in a conspiracy to distribute narcotics. The Indictment contained a forfeiture allegation which sought forfeiture of proceeds of narcotics conspiracy and property facilitating the narcotics conspiracy.

On or about February 14, 2022, pursuant to the forfeiture allegation in the Indictment, the Government filed a Bill of Particulars setting forth notice that the United States intends to forfeit the Subject Property as a result of the offenses described in Count One of the Indictment.

Law enforcement officers lawfully seized the Subject Property from a public space because they had probable cause to believe the Subject Property was subject to forfeiture. *See United States* v. *Gaskin*, 364 F.3d 438, 458 (2d Cir. 2004) (citing *Florida v. White,* 526 U.S. 559, 561 (1999)) ("officers may seize forfeitable vehicles from public places without a warrant if they have probable cause to believe that the vehicle is, in fact, subject to forfeiture").   As set forth in the attached Declaration of Thomas F. Delaney, there is, in fact, probable cause to believe the Subject Property are proceeds of narcotics conspiracy and/or property facilitating the narcotics conspiracy.

The Subject Property is subject to forfeiture, pursuant to Title 21, United States Code, Section 853 proceeds traceable to the narcotics conspiracy or as property facilitating the commission of the offenses charged in Count One of the Indictment in violation of section 846 of this title.

Accordingly, there is probable cause to believe the Subject Property is subject to forfeiture.

### Legal Basis for Maintaining Custody of the Subject Property

Pursuant to 28 U.S.C. § 2461, the procedures set forth in 21 U.S.C. § 853 apply to all stages of all criminal forfeiture proceedings. 28 U.S.C. § 2461(c).   21 U.S.C. § 853(e) sets forth various methods for preserving property for the purpose of criminal forfeiture. Specifically:

> Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take *any other action to preserve the availability of property* described in subsection (a) of this section for forfeiture under this section – (A) upon the filing of an indictment or information…for which criminal forfeiture may be ordered under this section and alleging that the property

> with respect to which order is sought would, in the event of conviction, be
> subject to forfeiture under this section . . .

21 U.S.C. § 853(e)(1)(A) (emphasis added).[1]  Here, the Government has filed an Indictment providing notice of the intended forfeiture and a Bill of Particulars expressly setting forth that the Subject Property is subject to forfeiture.

An administrative forfeiture proceeding was initiated regarding the Subject Property, and a claim to the property was filed within the statutory time period.  As noted above, the Government now seeks to forfeit the Subject Property in this criminal case and to preserve it until the criminal case and related criminal forfeiture proceedings are resolved.   Therefore, the Government is now required, to "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Because the Subject Property is already in Government custody and the Government intends to preserve it for the purpose of forfeiture through the conclusion of the pending criminal case, "the only court order needed to 'preserve [the Government's] right to maintain custody of the property' for the purposes of Section 983(a)(3)(B)(ii)(II) is a 'housekeeping' order providing that the Government may continue to maintain custody of the seized asset until the criminal case is concluded." *United States* v. *Abrahams*, No. 12-CR-0639-JFM, 2013 WL 285719, *2 (D.Md. Jan. 24, 2013).   Under these circumstances, neither a seizure warrant under 18 U.S.C. § 853(f) nor a restraining order or injunction under 18 U.S.C. § 853(e) is required to preserve the property for forfeiture.   *See id.*; *see also United States* v. *Scarmazzo,* No. 06-CR-00342-AWI, 2007 WL 587183, *3 (E.D.Ca. Feb. 22, 2007).

---

[1] This application is submitted *ex parte* under Section 853(e)(1)(A), which does not provide for notice to the defendant or an opportunity to be heard prior to issuance of a protective order. *Compare* 18 U.S.C. § 853 (e)(1)(A) (post-indictment protective orders without notice) *with* 18 U.S.C. § 853 (e)(1)(B) (pre-indictment protective orders with notice).

3

Accordingly, the Government seeks to preserve the availability of the Subject Property identified in the Government's Bill of Particulars by requesting that the Court issue an order authorizing the Government, specifically the United States Marshals Service to maintain custody of the Subject Property pending resolution of this case, pursuant to 21 U.S.C. § 853(e)(1). Courts in this Circuit have regularly issued such orders pursuant to Section 853(e)(1) when the Government is already in possession of the property whose forfeiture is sought.   *See*, *e.g.*, *United States* v. *Hernandez et al.*, 13 Cr. 740 (VB) (April 30, 2014); *United States* v. *Wiseberg, et al.*, 13 Cr. 794 (AT) (April 24, 2014); *United States* v. *Brown*, 11 Cr. 1030 (PGG) (January 30, 2012);   *United States* v. *Real*, 11 Cr. 601 (RPP) (September 16, 2011); *United States* v. *Neal*, S1 08 Cr. 86 (July 3, 2008) (MGC); *United States v. Azamar-Alatorre*, 06 Cr. 1173 (May 10, 2007) (SHS).

WHEREFORE, pursuant to 21 U.S.C. § 853(e)(1), the United States respectfully moves this court to issue an order authorizing the United States and its agencies, including the United States Marshals Service, to maintain custody of the Subject Property through the conclusion of the pending criminal case.

Dated:  New York, New York
        February 14, 2022

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney for the
                                        Southern District of New York

                            By:  /s/_____
                                        Rebecca Talia Dell/
                                        Thomas Somerset Burnett
                                        Assistant United States Attorneys
                                        (212) 637-2198/ 1064

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                              :
UNITED STATES OF AMERICA                      :
                                              :        DECLARATION IN SUPPORT OF
                                              :        CONTINUED CUSTODY OF
        -v-                                   :        PROPERTY PURSUANT TO
                                              :        21 U.S.C. § 853
ANTHONY ORTIZ and RICARDO SOSA,               :        21 Cr. 717 (JMF)
                                              :
                Defendants.                   :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        THOMAS F. DELANEY, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury

as follows:

        1.      I am a Task Force Officer with the Drug Enforcement Administration (the

"DEA"), and a Detective with the New York City Police Department ("NYPD"). I have been a

Task Force Office for 7 years, and I have been with the NYPD 19 years. I have taken part and

conducted many money laundering and drug trafficking investigations. I also took part in the

investigation related to ANTHONY ORTIZ and RICARDO SOSA.

        2.      This declaration is submitted in support of the Government's application for

an order authorizing the Government and its agencies to maintain custody of the property listed

below, pending the conclusion of the instant case:

        a.      $62,967 in United States currency seized on or about September 23, 2021
                from an apartment located at 4204 Layton Street, Apt. 611, in Elmhurst,
                New York, 11373; and

        b.      $22,020 in United States currency seized on or about September 24, 2021
                from storage unit #3685, located at Cube Smart Storage, 3324 Woodside
                Ave., Long Island City, NY 11101.

(a. and b., collectively, the "Subject Property").

## Background

3.      On or about November 22, 2021, the Government obtained an Indictment, 21 Cr. 717 (JMF), against the above-captioned defendants (the "Indictment"), which charges the defendants with conspiracy to distribute narcotics. A copy of the Indictment is attached hereto as Exhibit A and its contents are incorporated fully by reference herein.

.4.      On or about February 14, 2022 a Bill of Particulars, alleging that the property is subject to forfeiture as a result of the offense described in Count One of Indictment. A copy of the Bill of Particulars is attached hereto as Exhibit B and its contents are incorporated fully by reference herein.

### Probable Cause that the Subject Property is Subject to Forfeiture

5.      Based on the facts set forth below, and in the Complaint (which is attached as Exhibit C and fully incorporated by reference) and Indictment, there is probable cause to believe that the Subject Property is subject to forfeiture as proceeds traceable to the commission of the narcotics conspiracy offense charged in Count One of the Indictment.

6.      As set forth in the Complaint, on or about September 21, 2021, law enforcement officers conducted a traffic stop of RICARDO SOSA. SOSA consented to a search of the car and, during the search, law enforcement officer found a duffle bag (the "Duffle Bag"), filled with multiple clear plastic packages that contained approximately 36 pounds of methamphetamines. SOSA was arrested. After his arrest, SOSA waived his Miranda rights and told law enforcement officers, in sum and substance, that ANTHONY ORTIZ paid him approximately $8,000 to transport the duffle bag of narcotics from California to New York. On or about September 23, 2021, SOSA traveled with law enforcement officers to meet ORTIZ. Specifically, ORTIZ drove

to 4204 Layton Street in Elmhurst, Queens (the "Layton Street Apartment"). Once SOSA arrived, ORTIZ gave SOSA approximately $8,000 in cash, and ORTIZ took the Duffle Bag. ORTIZ was subsequently arrested. After ORTIZ's arrest, ORTIZ consented to a search of the Layton Street Apartment. See Ex. C ¶¶ 5-6.

7.      Based on my participation in this investigation, my discussion with other law enforcement officers, and my review of law enforcement records and reports, I have learned, in sum and substance, that, during the search of the Layton Street Apartment, law enforcement officers found, among other things, the following:

a)      $62,967 in United States currency—i.e., part of the Subject Property—in a small box inside ORTIZ's bedroom;[1]

b)      Approximately 53.8 grams of methamphetamine inside ORTIZ's bedroom;

c)      Approximately 1,055.2 grams of methamphetamine inside a postal box in the kitchen of the apartment; and

d)      Approximately 304.6 grams of methamphetamine on top of the kitchen counter in the apartment.

8.      Based on my training, experience, participation in other narcotics investigations, and discussions with other law enforcement officers experienced in narcotics investigations, I know that drug traffickers commonly use residences, such as the Layton Street Apartment, to serve as a base of operation for their narcotics trafficking organization. Specifically, drug traffickers often use residences to break down large quantities of narcotics into packages of street-level quantities of narcotics for further distribution. In addition, it is common for narcotics traffickers—

---

[1] After he was arrested, ORTIZ waived his Miranda rights and told law enforcement officers, in sum and substance, that, of the $62,967, half related to his narcotics trafficking and half related to working at a club in Queens, New York.

such as ORTIZ—to store narcotics, narcotics proceeds, and records relating to the trafficking of narcotics at residences used by narcotics traffickers. Moreover, narcotics traffickers—such as ORTIZ—often maintain on hand, at their home and/or business residence, large amounts of U.S. currency in order to maintain and finance their narcotics trafficking. Based on the foregoing, and the presence of the $62,967 near methamphetamine, I believe that the $62,967 represents narcotics proceeds.

9.      Based on my participation in this investigation, my discussion with other law enforcement officers, my review of law enforcement records and reports, and my review of records from a storage unit, I have learned, in sum and substance, the following:

a)      After ORTIZ's arrest on or about September 24, 2021, ORTIZ consented to the search of a storage unit #3685, located at Cube Smart Storage, 3324 Woodside Ave., Long Island City, New York 11101 (the "Storage Unit").

b)      ORTIZ is the owner of the Storage Unit.

c)      During the search of the Storage Unit, inside the lining of a suitcase, law enforcement found $22,020 in United States currency—i.e., the rest of the Subject Property.

10.     Based on my training, experience, participation in other investigations concerning drug trafficking, and extensive discussions with other law enforcement agents, I know that individuals who traffic drugs unlawfully routinely conceal in off-site storage facilities large quantities of currency, which can constitute the proceeds of illegal controlled substance transactions. Based on the foregoing and the concealment of the $22,020 inside the lining of a suitcase, I believe that the $22,020 represents narcotics proceeds.

## Conclusion

11.    By reason of the above, there is probable cause to believe that the Subject Property

is subject to forfeiture.

Dated: New York, New York
      February 14, 2022

                                         2/14/22
                                THOMAS F. DELANEY
                                Special Agent
                                Drug Enforcement Administration

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X
                                :
UNITED STATES OF AMERICA        :
                                :        **INDICTMENT**
        - v. -                  :
                                :        21 Cr. ____
ANTHONY ORTIZ   and             :
RICARDO SOSA,                   :
                                :
            Defendants.         :    **21 CRIM   717**
- - - - - - - - - - - - - - - - X

### COUNT ONE
(Narcotics Conspiracy)

The Grand Jury charges:

1. From at least in or about July 2021, up to and including at least in or about September 2021, in the Southern District of New York and elsewhere, ANTHONY ORTIZ and RICARDO SOSA, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that ANTHONY ORTIZ and RICARDO SOSA, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance that ANTHONY ORTIZ and RICARDO SOSA, the defendants, conspired to distribute and possess

with intent to distribute was 500 grams and more of mixtures and substances containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

### FORFEITURE ALLEGATION

4.    As a result of committing the offense alleged in Count One of this Indictment, ANTHONY ORTIZ and RICARDO SOSA, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

5.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

2

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)


FOREPERSON

DAMIAN WILLIAMS
United States Attorney

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ANTHONY ORTIZ and
RICARDO SOSA,

Defendants.

## INDICTMENT

21 Cr.

(21 U.S.C. § 846)

DAMIANS WILLIAMS
United States Attorney

_Bruce Carull_
Foreperson

Filed Indictment
Case assigned to Judge Furman

KL
11/22/21

Stewart D. Aaron
U.S.M.J.

**Exhibit B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                              :
UNITED STATES OF AMERICA                      :
                                              :
        - v. -                                :
                                              :   GOVERNMENT'S
ANTHONY ORTIZ and RICARDO SOSA,               :   FORFEITURE BILL
                                              :   OF PARTICULARS
              Defendants.                     :
                                              :   21 Cr. 717 (JMF)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Pursuant to *United States* v. *Grammatikos*, 633 F.2d 1013, 1024 (2d Cir. 1980),

the Government respectfully gives notice that the property subject to forfeiture as a result of the

offense described in Count One of Indictment 21 Cr. 717 (JMF) against ANTHONY ORTIZ and

RICARDO SOSA, and as alleged in the forfeiture allegation and/or substitute asset provision

therein, includes the following:

     a.    $62,967 in United States currency seized on or about September 23, 2021
           an apartment located at 4204 Layton Street, Apt. 611, in Elmhurst, New
           York, 11373; and

     b.    $22,020 in United States currency seized on or about September 24, 2021
           from storage unit #3685, located at Cube Smart Storage, 3324 Woodside
           Ave., Long Island City, NY 11101.

Dated:     New York, New York
           February 14, 2022

                              Respectfully Submitted,

                              DAMIAN WILLIAMS
                              United States Attorney

                  By:       /s/
                              Rebecca T. Dell/ Thomas S. Burnett
                              Assistant United States Attorneys
                              Telephone: (212) 637-2198/ 1064

# Exhibit C

Approved: _____
          THOMAS S. BURNETT / REBECCA T. DELL
          Assistant United States Attorneys

Before:   HONORABLE JAMES L. COTT
          United States Magistrate Judge
          Southern District of New York

------------------------------------x

UNITED STATES OF AMERICA            :

        - v. -                      :

ANTHONY ORTIZ, and                  :
RICARDO SOSA,                       :

                Defendants.         :

------------------------------------x

**21 MAG 9252**

COMPLAINT

Violation of 21 U.S.C.
§ 846

COUNTY OF OFFENSE:
NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

        THOMAS DELANEY, being duly sworn, deposes and says that he is a Task Force Officer working with the Drug Enforcement Administration ("DEA"), and charges as follows:

**COUNT ONE**
**(Narcotics Conspiracy)**

        1.    In or about September 2021, in the Southern District of New York and elsewhere, ANTHONY ORTIZ and RICARDO SOSA, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

        2.    It was a part and an object of the conspiracy that ANTHONY ORTIZ and RICARDO SOSA, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

        3.    The controlled substance that ANTHONY ORTIZ and RICARDO SOSA, the defendants, conspired to distribute and possess with intent to distribute was 500 grams and more of mixtures and substances containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, in violation of Title 21,

1

United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

The bases for my knowledge of the foregoing charge are, in part, as follows:

4.    I am a Detective with the New York City Police Department and a Task Force Officer with DEA.  I have been personally involved in the investigation of this matter.  This affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals.  Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5.    Based on my participation in this investigation, my review of law enforcement records and reports, and my conversations with other law enforcement officers, including a Missouri law enforcement officer ("Officer-1"), I am aware of the following, in substance and in part:

a.    On or about September 21, 2021, at approximately 10:40 AM, Officer-1 observed a Toyota Camry (the "Camry") commit a traffic violation while driving on a highway in Missouri. Specifically, Missouri law requires drivers on highways with two lanes going in one direction to use the left lane for passing and then return to the right lane once a pass is complete. *See* Missouri Code, Title XIX, Chapter 304.015.  Officer-1 observed the Camry driving in the left lane without passing other cars, and driving far enough below the speed limit that multiple other vehicles had to pass the Camry by using the right lane.

b.    After observing the traffic violation, Officer-1 conducted a traffic stop of the Camry.  During the traffic stop, the driver of the Camry, who was the only person in the Camry, identified himself as RICARDO SOSA, the defendant, and provided a New York driver's license.

c.    Following the traffic stop, SOSA consented to a search of the Camry.  During that search of the Camry, Officer-1 and another law enforcement officer found in the trunk of the Camry, among other things, a duffle bag (the "Duffle Bag") that

2

contained multiple clear plastic packages of an opaque, crystal-like substance that appeared to be narcotics (the "Packages").

       d.      After the search, Officer-1 and the other law enforcement officer placed SOSA under arrest.

       e.      Law enforcement officers subsequently performed a field test on a sample of the substance from the Packages, and the substance tested positive for methamphetamine.  Law enforcement officers also weighed the Packages and found that the Packages weighed a total of approximately 36 lbs.

       f.      After his arrest, law enforcement officers advised SOSA of his Miranda rights.  SOSA agreed to speak with law enforcement, and stated, in substance and in part, that he had been driving narcotics from California to Queens, New York at the direction of ANTHONY ORTIZ, the defendant, and that, upon reaching Queens, SOSA was supposed to deliver the narcotics to ORTIZ.  ORTIZ had agreed to pay SOSA $8,000 to transport the narcotics.

      6.    Based on my participation in this investigation and my conversations with other law enforcement officers, I have learned, in substance and in part, the following:

       a.      On or about September 23, 2021, RICARDO SOSA, the defendant, traveled with law enforcement officers to Manhattan, New York.

       b.      After arriving in Manhattan, SOSA called ANTHONY ORTIZ, the defendant, and said, in substance and in part, that SOSA was traveling through Manhattan to meet ORTIZ in Queens.

       c.      SOSA and a law enforcement officer drove together to Queens and parked in the vicinity of an apartment building on Layton Street in Elmhurst, Queens (the "Apartment Building").  In the trunk of their car, SOSA and the law enforcement officer had the Duffle Bag that had previously contained the Packages.  Law enforcement had replaced the Packages with bags containing sham narcotics, that resembled methamphetamine.

       d.      SOSA left the car and approached the Apartment Building.  ORTIZ met SOSA outside the Apartment Building, and ORTIZ gave SOSA approximately $8,000 in cash.

       e.      ORTIZ went into the Apartment Building, came back out with an umbrella, and walked up to the car in which SOSA had

3

arrived.   ORTIZ removed the Duffle Bag from the car and began returning to the Apartment Building.

  f.  Law enforcement officers stopped ORTIZ before he reached the Apartment Building and placed him under arrest.

  g.  Law enforcement officers advised ORTIZ of his Miranda rights, and ORTIZ agreed to speak with law enforcement. ORTIZ stated, in substance and in part, that he lived in a particular apartment in the Apartment Building ("Apartment-1") and consented to a search of Apartment-1.[1]

  h.  Law enforcement officers searched Apartment-1.   In a bedroom, they found, among other things, a plastic bag containing a small amount of an opaque, crystal-like substance that, based on my training and experience, I recognize as methamphetamine, and a box containing approximately $60,000.   In the kitchen, law enforcement officers found, among other things, bags containing approximately two pounds of an opaque, crystal-like substance that, based on my training and experience, I recognize as methamphetamine, a scale, and multiple pipes that are commonly used for smoking methamphetamine.

---

[1] SOSA informed law enforcement that, based on his prior interactions with ORTIZ, he believes another individual also lives in Apartment-1.   That other individual was not present when law enforcement was in Apartment-1.

WHEREFORE, I respectfully request that ANTHONY ORTIZ and RICARDO SOSA, the defendants, be imprisoned, or bailed, as the case may be.

/s/ Thomas Delaney with permission

THOMAS DELANEY
Task Force Officer
Drug Enforcement Administration

Sworn to me through the transmission of this
Complaint by reliable electronic means, pursuant to
Federal Rule of Criminal Procedure 4.1, this
24th day of September, 2021

JAMES L. COTT
United States Magistrate Judge

5